Stuck, Appellant, *v.* Keta Gas & Oil Company.

540

Argued March 26, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald M. Miller,* with him *Miller, Buterbaugh and Cope,* for appellant.

*Earl R. Handler,* with him *Handler & Malcolm,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

Appellant commenced wrongful death and survival actions against appellee and Keta Gas & Oil Company, Inc., which actions resulted in a jury verdict for appellee, Keta Gas having obtained judgment in its favor prior to trial. This appeal followed the refusal of appellant's motion for new trial and entry of judgment on the verdict.

Harold Stuck, an employee of the Keta Gas & Oil Company, Inc., was killed when struck on the head by

a device known as a gin pole.[1]  The accident occurred
on July 26, 1956, in Armstrong Township, Indiana
County.  At the time of the accident, Harold Stuck
was helping to unload two A-frames[2] which were made
of heavy steel and had four sides.  These A-frames
weighed from eight to ten thousand pounds, and were
about thirty-five feet long, and approximately four and
one-half feet by six to six and one-half feet wide.  The
two A-frames had been chained together for the pur-
pose of transportation by the appellee, Charles O.
Ingmire, a heavy equipment hauler.  The A-frames
were transported to the site for the drilling of a gas
well.  An employee of appellee had driven a tractor
and a flat bed trailer on which the two A-frames were
chained together to the drilling site and the trailer was
stopped near the substructure of the drilling apparatus
which was in the process of being erected.

Shortly after the arrival of the tractor and trailer
bearing the A-frames, another employee of appellee
backed a flat bed winch or hoisting truck to a point
about three feet from the center of the A-frames and at
right angles with the left side of the A-frames as car-
ried on the trailer.

Harold Stuck had been working on the substructure
and stepped from it onto the A-frames to help with the
unloading of the A-frames.  While Harold Stuck was
on the A-frames, the chain was unfastened and a winch
line from the hoist truck was fastened around the
A-frame nearest the hoisting truck.  After the winch
line was fastened to the A-frame, an attempt was made
to lift it.  This was unsuccessful because as soon as an

---

[1] Any one of the three poles of a hoisting gin:  a single pole
held in a nearly vertical position by guys that support a block and
tackle used for lifting loads.

[2] A 3 piece frame put together like the lines of a capital A
and used to support or hold in position a heavy weight, a hoist, a
shaft, or a pipe.

attempt was made to lift the frame, it caught on the "gin pole". After the unsuccessful attempt to lift the frame, Harold Stuck loosened the winch line and dropped the chains onto the back of the winch truck and it was hooked back on the truck, and the slack in the winch line was taken up. The frame tumbled, striking the gin pole with such force as to cause the safety chain, which was intended to keep the gin pole in position, to break. The gin pole snapped back toward the winch machinery on the front part of the truck near the cab, known as the "headache", striking Harold Stuck on the head, killing him instantly. It is not known nor was it explained how the decedent got to the position he was in on the winch truck when struck by the gin pole. Nor does the evidence reveal what caused the frame to tumble.

Appellant's contention is that Harold Stuck got on the back of the winch truck and it started to move and the winch line must have been wrapped around part of the A-frame which caused the A-frame to fall. If there was any proof or circumstances proved from which an inference could be drawn that such event did occur, it would be a question for the jury. There is, however, no such proof, but rather, the evidence shows that such was not the fact. Nevertheless, the trial judge submitted the case to the jury. There was a great deal of testimony which was all to the effect that an accident occurred but no evidence was produced which would allow even an inference of what caused the accident. There was not sufficient evidence to warrant the submission of this case to the jury. The trial judge recognized this when, in his opinion sur motion for new trial, he said: "Possibly the court in this case should have refused to have allowed this case to have gone to the jury", and: "Whether or not there was such evidence was left to the jury and this court feels that the verdict of the jury was based on the evidence and

was proper and in fact this would have been a case where it is possible had the plaintiff recovered, serious consideration would have been given for a motion for judgment n.o.v.".

Appellant urges several reasons for a new trial. It is unnecessary for us to consider any of them in the light of this record which is devoid of any evidence of negligence on the part of appellee.

Judgment affirmed.

